**STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS**
**DEPARTMENT OF EDUCATION**

[redacted]

VS. Case No.: LL07-30

WILLIAM M. DAVIES, JR. CAREER
& TECHNICAL HIGH SCHOOL

ORDER

This cause came on to be heard on the Motion by the Petitioner by and through his counsel to dismiss as the parties have settled the matter in accordance with the Stipulation attached hereto.

After review of the Stipulation, it is hereby ORDERED:

1. Petitioner's request to dismiss the case with prejudice on the grounds that the parties have settled the matter is granted.

ENTERED:

Roderick A. J. Cavanagh
Hearing Officer

December 18, 2007

I hereby certify that on the 18th day of December, 2007 I mailed a copy of the within Order to Attorney Mary Ann Carroll, The Law Offices of Stephen M. Robinson, 155 South Main Street, Suite 402, Providence, Rhode Island 02903 and Attorney Vincent Ragosta, 128 Dorrance Street, Providence, Rhode Island 02903.

**STATE OF RHODE ISLAND**
**DEPARTMENT OF EDUCATION**

**G[redacted] P[redacted]**

vs. **Case No. 07-30**

**William M. Davies Jr. Career & Technical High School**

**Stipulated Settlement Agreement**

This Stipulated Settlement Agreement ("Agreement") is by and between Susan Purcell, as parent, next friend, acting individually and on behalf of Gregory Purcell as his lawful guardian, hereinafter referred to as "Claimant" and William M Davies Jr. Career and Technical High School, herein referred to as "School".

Bona fide disputes and controversies exist between the parties to this Agreement, both as to fact and extent of liability, if any. By reason of such disputes and controversies, the parties to this Agreement desire to settle all claims, and causes of action, whether or not asserted, arising out of the due process hearing request currently pending before Hearing Officer Roderick Cavanagh under the Rhode Island Regulations Governing the Education of Children with Disabilities, Case No. 07-30 (hereinafter referred to as the "Due Process Hearing"). By making this Agreement, the School does not in any manner admit any liability, and it expressly denies the same. The School enters into this Agreement as a manner of compromise to avoid the expense, risk, and inconvenience of the Due Process Hearing, and no other intention should be inferred.

**A.** In consideration of the mutual promises and agreement contained herein, including the recitals set forth below, the parties to this Agreement agree as follows:

1. G[redacted] qualifies as a student eligible for services under the Individuals with Disabilities Education Act (20 U.S.C. § 01 et seq.) and the Rhode Island Regulations Governing the Education of Children with Disabilities.

2. In accordance with this eligibility determination, the School agrees to hold an I.E.P. meeting within the next ten school days for the purpose of developing G[redacted]'s educational plan.

3. The parties agree that G[redacted] will continue to receive his present services and in addition, the recommendations of James Healey, Audiologist will be considered by the IEP team and incorporated into his IEP if the team deems appropriate.

**B.** In consideration for the above considerations to the Claimant, the Claimant and/or her attorney of record does hereby dismiss, with prejudice, all causes of action, suits, controversies, claims, demands which arose out of the Due Process Hearing request or the transactions, events, occurrences, acts, omissions, or failure to act, of whatever kind or character, alleged or which could have been alleged in the Due Process Hearing. The dismissal of the Due Process Hearing is with prejudice.

**C.** Although the parties agree that this matter was resolved as a result of the August 28, 2007 filing of a request for an impartial Due Process Hearing and two pre-hearing conferences with Hearing Officer Roderick Cavanagh, the parties do not agree on whether Claimant is entitled to the payment of attorney's fees by the School. Therefore, it is understood that the Claimant is not hereby releasing the School from any costs, attorney's fees, or any other expenses in relation to, or arising from, the Due Process Hearing request.

**D.** In consideration for the aforesaid offerings, with the exception of the claims for costs, expenses and attorney's fees listed in "C" above, Claimant hereby waives any and all other causes of action and claims, including but not limited to claims for compensatory services, that she might otherwise hold against the School and its agents, employees, representatives and Board of Trustees, acting officially or individually, and further releases from any and all liability, the School , its agents or assigns, the School's Board of Trustees acting officially or individually, the School's administrators, teachers, teachers aides, and other employees or independent contractors with regard to the claims specified in, arising out of, or which could have been alleged as part of the Due Process Hearing or with any and all issues related to G[redacted]'s education at the School.

**E.** In consideration of the aforesaid offerings, the Claimant hereby waives any cause of action with regard to her request for a Due Process Hearing with the exception of the claims for costs, expenses and attorney's fees listed in "C" above. The parties agree that the School will comply with this Agreement and continue its good faith efforts to provide a free and appropriate education to G[redacted]

**F.** It is understood and agreed that this Agreement shall be governed and enforced in accordance with the applicable laws and shall be enforceable in the United State District Court for the District of Rhode Island and/or the Rhode Island Superior Court.

G. Each party to this Agreement acknowledges and certifies that he or she has carefully read it and that each party has executed it freely and of their own accord.

H. It is understood and agreed that any rights of relief sought by Claimant through the Due Process Hearing, which relief is not expressly provided for or addressed in this Agreement, is hereby waived by Claimant and/or Claimant's attorney.

I. It is understood and agreed that this Agreement constitutes the entire agreement between the parties with regard to the parents request for an impartial Due Process Hearing according to §300.507 with the exception of the claims for costs, expenses and attorney's fees listed in "C" above.

**For the School**

Vincent E. Ragosta, Jr.
128 Dorrance Street
Providence, RI 02903
(401)-274-2100
Fax(401)-861-2260

Fred Slemon
Director of Special Education

Roderick Cavanagh
Hearing Officer

Date: December 28, 2009

**For the Claimant**

Mary Ann Carroll, Esquire
Law Offices of Stephen Robinson
155 South Main Street
Providence, RI 02903
(401)-331-6565
Fax(401)-331-7888

Susan Purcell
Parent