**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

S.P.
Individually and on behalf of her son,
G.P.

C.A. NO.: 2008-08 (ML)

v.

WILLIAM M. DAVIES, JR. CAREER &
TECHNICAL HIGH SCHOOL, and
VICTORIA A. GAILLIARD-GARRICK
in her capacity as Director of William M.
Davies, Jr. Career and Technical High School.

# ANSWER OF VICTORIA A. GILLARD-GARRICK TO AMENDED COMPLAINT

Defendant, Victoria A. Gailliard-Garrick, in her capacity as Director of William M. Davies, Jr. Career and Technical High School, answers plaintiff's Amended Complaint for attorneys' fees as follows:

## JURISDICTION

1. Admitted.

## PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth of this averment.
3. Admitted.
4. It is admitted that Davies is operated as a local education agency and is governed by a board of trustees.
5. Admitted.

## FACTUAL ALLEGATIONS

6. Defendant admits that on or about August 28, 2007, plaintiff filed a Request for

Impartial Due Process Hearing with the Rhode Island Department of Education. However, defendant affirmatively states that no Due Process Hearing occurred.

7. Although plaintiff fails to identify the attorney they allegedly retained, defendant admits that plaintiff's counsel herein represented plaintiff in connection with a matter filed in the Rhode Island Department of Education. However, defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that such attorney was retained for specific purposes. Furthermore, defendant affirmatively states that no Due Process Hearing occurred.

8. Defendant admits that plaintiff's counsel herein attended and participated in negotiations "concerning the issues" raised by a request for a Due Process Hearing. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that she prepared for such. However, defendant affirmatively states that no Due Process Hearing occurred.

9. Defendant admits that the parties settled a proceeding that plaintiff had filed in the Rhode Island Department of Education. Otherwise, the Stipulated Settlement Agreement speaks for itself.

10. Defendant admits that plaintiff's proceeding was dismissed with prejudice after the parties settled it.

11. Defendant denies that plaintiff was a prevailing party. Moreover, defendant denies that the proposed resolution "direct[ed] William[] M. Davies, Jr. Career & Technical High School to find G.P. eligible for special education services and develop an IEP with the services that he was provided in his 06/07 IEP." On the contrary, Davies voluntarily *agreed* to do such things.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff incurred $4,557.50 in attorney's fees. Defendant denies that plaintiff was a "prevailing party." With respect to the document attached as Exhibit "C," and to the extent this action is governed by LR Cv 54.1, the plaintiff has failed to include an attorney's fees affidavit and has failed to include an affidavit from a disinterested attorney regarding the reasonableness of the requested hourly fee.

**WHEREFORE**, defendant requests that all of the relief requested in the complaint be denied and that the complaint be dismissed in its entirety.

Dated:

VICTORIA A. GAILIARD-GARRICK, in her capacity as Director of William M. Davies Jr. Career & Technical High School
By her Lead Counsel,

/s/ VINCENT F. RAGOSTA, JR.

VINCENT F. RAGOSTA, JR. (2262)
Attorney at Law
Shakespeare Hall – Penthouse
128 Dorrance Street
Providence, Rhode Island 02903
(401) 274-2100 Telephone
(401) 861-2260 Facsimile
*vfrlaw@aol.com*

**CERTIFICATION OF SERVICE**

This document has been filed electronically and is available for viewing and downloading through the ECF system. Conventional service will be made upon pro se parties and those parties represented by unregistered attorneys.

/s/ Vincent F. Ragosta, Jr.

VINCENT F. RAGOSTA, JR.