**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

S.P.
Individually and on behalf of her son,
G.P.

C.A. NO.: 2008-08 (ML)

v.

WILLIAM M. DAVIES, JR. CAREER &
TECHNICAL HIGH SCHOOL, and
VICTORIA A. GAILLIARD-GARRICK
in her capacity as Director of William M.
Davies, Jr. Career and Technical High School.

**LR Cv 16 STATEMENT OF DEFENSE OF**
**WILLIAM M. DAVIES, JR. CAREER & TECHNICAL HIGH SCHOOL AND**
**VICTORIA A. GAILLIARD-GARRICK[1]**

The plaintiff brought this action against the defendants seeking attorneys' fees pursuant to 20 U.S.C. § 1415, which requires certain procedural safeguards be adopted by educational agencies relating to their provisioning of free appropriate public education to children with disabilities. The complaint and answers sufficiently frame the specifics of the matter and thus herein defendants merely highlight the nature of their defense.

Section 1415(f)(1)(B)(i) provides that "[p]rior to the opportunity for an impartial due process hearing under subparagraph (A), the local educational agency shall convene a meeting with the parents and the relevant member or members of the IEP Team who have specific knowledge of the facts identified in the complaint." The administrative procedures portion of § 1415 provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorney's fees as part of

[1] LR Cv 16 requires that "each party asserting a claim (including a counterclaim, cross claim and/or affirmative defense) shall file with the Court a brief (2-3 page) written statement listing the elements, with a short description of the facts in support thereof, that must be proven in order to prevail on that claim, counterclaim or defense." Although defendants do not make any "claims" herein, given the nature of this case, defendants thought it advisable and beneficial to state the nature of their position at this early juncture and ask the Court's indulgence if they do not technically fall within the confines of LR Cv 16.

the costs[] . . . to a prevailing party." 20 U.S.C. § 1415(i)(3)(B)(i)(I). However, "[f]ees awarded under this paragraph shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of service furnished." 20 U.S.C. § 1415(i)(3)(C). Moreover, "[a] meeting conducted pursuant to subsection (f)(1)(B)(i) shall not be considered[] (I) a meeting convened as a result of an administrative hearing or judicial action; or (II) an administrative hearing or judicial action for purposes of this paragraph." 20 U.S.C. § 1415(i)(3)(D). Finally, "whenever the court finds that . . . the amount of the attorney's fees otherwise authorized to be awarded unreasonably exceeds the hourly rate prevailing in the community for similar services by attorneys of reasonably comparable skill, reputation, and experience [or] the time spent and legal services furnished were excessive considering the nature of the action or proceeding . . . the court shall reduce, accordingly, the amount of the attorney's fees awarded under this section." 20 U.S.C. § 1415(i)(3)(F).

Defendants contend that (1) plaintiff was not a prevailing party, *see generally Smith v. Fitchburg Public Schools*, 401 F.3d 1 (1st Cir. 2005); (2) any time claimed in plaintiff's counsel's fee statement (attached to the complaint) that was for a 20 U.S.C. § 1415(f)(1)(B)(i) hearing must be excluded; and (3) given the very limited nature of the "proceedings" herein, and because plaintiff's counsel's fee statement does not comply with the requirements for attorney's fees affidavits and fails to include an affidavit from a disinterested Rhode Island attorney experienced in handling similar cases regarding the reasonableness of the requested hourly fee, *see generally* LR Cv 54.1, this Honorable Court should not exercise its discretionary authority to award any attorneys' fees. Finally, from plaintiff's Exhibit "C" to the complaint, it certainly appears to defendants that

plaintiff's counsel's requested attorney's fee is unreasonable and excessive in light of the nature of the action.

Dated: April 18, 2008

WILLIAM M. DAVIES JR. CAREER &
TECHNICAL HIGH SCHOOL, and
VICTORIA A. GAILLIARD-GARRICK
in her capacity as Director of William M.
Davies, Jr. Career and Technical High
School
By its Lead Counsel,

/s/ VINCENT F. RAGOSTA, JR.

VINCENT F. RAGOSTA, JR. (2262)
Attorney at Law
Shakespeare Hall – Penthouse
128 Dorrance Street
Providence, Rhode Island 02903
(401) 274-2100 Telephone
(401) 861-2260 Facsimile
*vfrlaw@aol.com*

## CERTIFICATION OF SERVICE

This document has been filed electronically and is available for viewing and downloading through the ECF system. Conventional service will be made upon pro se parties and those parties represented by unregistered attorneys.

/s/ Vincent F. Ragosta, Jr.

VINCENT F. RAGOSTA, JR.