UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHOSE ISLAND

S.P.
Individually and on behalf of her son,
G.P.

v. C.A. NO: 2008-08(ML)

WILLIAM M. DAVIES, JR. CAREER &
TECHNICAL HIGH SCHOOL and
VICTORIAL A. GAILLIARD-GARRICK
In her capacity as Director of William M.
Davies, Jr. Career and Technical High School.

**LR Cv 16**
**STATEMENT OF CLAIM OF**
**PLAINTIFF S.P. Individually and on behalf of her son, G.P.**

Plaintiff herein seeks an award of reasonable attorney's fees incurred by her as prevailing party in a Due Process Hearing filed pursuant to the Individuals with Disabilities Education Act, 20 U.S.C. § 1415. The plaintiff filed for an impartial due process hearing in August 2007 after unsuccessfully attempting to obtain continued special education services for her son and obtain an independent central auditory processing evaluation for her him.

According to 20 U.S.C. § 1415 (c) (2) (b) within ten (10) days of receipt of the complaint, the defendant local educational agency (LEA) was required to respond to the complaint. The Defendant did not respond. According to 20 U.S.C. § 1415 (f) (1) (B)

within fifteen (15) days of receipt of the complaint, the defendant LEA was required to hold a resolution session. This meeting is a preliminary meeting to provide the LEA with the opportunity to resolve the complaint. The LEA did not hold a resolution session.

The first meeting of the LEA and the parent was a prehearing held in the presence of the Hearing Officer. At this pre-hearing the Hearing Officer ordered the LEA to conduct a central auditory processing evaluation on the student. At the completion of the ordered evaluation a second pre-hearing session was held, and, with the assistance of the Hearing Officer, the LEA agreed to the plaintiff's proposed resolution in the impartial due process request. The parties executed a Stipulated Settlement Agreement which was reviewed and signed by the Hearing Officer. As a result of the Stipulated Settlement Agreement the Hearing Officer dismissed the case. The plaintiff requested reasonable attorney's fees based on the fact that she is the prevailing party. The defendants have refused to reimburse the plaintiff.

The defendants have argued that the plaintiff was not a prevailing party, yet the resolution of the complaint did not occur until the Hearing Officer ordered the evaluation that the parent requested and two pre-hearing sessions were held. Defendants further argue that no fees are granted if the matter is resolved at a 1415(f)(1)(B)(i) hearing. Plaintiff agrees that no fees are awarded if the matter is resolved at a 1415(f)(1)(B)(i) hearing. Unfortunately, the defendants failed to hold a1415(f)(1)(B)(i) hearing and the parents and the LEA did not have the opportunity to resolve this matter until the Hearing Officer was involved. Defendants further argue that the plaintiff has failed to comply with the attorney's fees affidavits. Said affidavit will be provided in the Plaintiff's Motion for Summary Judgment

The Plaintiff is continuing to incur attorney's fees and costs in connection with the Complaint herein filed. The Plaintiff is still willing to work out a settlement with the Defendants of her request to be reimbursed for said fees.

S.P.
Individually and on behalf of her son,
G.P.
By her attorney

/s/ MARY ANN CARROLL
______________________________
MARY ANN CARROLL 6664
1665 Hartford Avenue, Suite 31
Johnston, Rhode Island 02919
(401)-383-8455
Fax (401) – 383-8311

**CERTIFICATION OF SERVICE**

This document has been filed electronically and is available for viewing and downloading through the ECF system.

/s/ MARY ANN CARROLL
____________________________
MARY ANN CARROLL 6664